# Exhibit 1

Electonically Filed Superior Court of CA County of Conta Costa 5/27/2025 8:00 AM By C. Padilla, Deputy

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

Per local Rule, This case is assigned to Judge Weil, Edward G, for all purposes.

*Counsel for Plaintiff and the Putative Class Members*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| STACY PENNING, individually and on behalf of similarly situated individuals,<br><br>    Plaintiff,<br><br>  v.<br><br>MEDICINENET, INC. and WebMD LLC,<br><br>    Defendants. | Case No.   C25-01456<br><br>**CLASS ACTION COMPLAINT**<br><br>1.  **Violation of California Invasion of Privacy Act, Cal. Pen. Code § 630 *et seq.***<br><br>DEMAND FOR JURY TRIAL<br><br>SUMMONS ISSUED |

## CLASS ACTION COMPLAINT

Plaintiff Stacy Penning ("Plaintiff") brings this Class Action Complaint against Defendant Medicinenet, Inc. ("Medicinenet" or "medicinenet.com") and WebMD LLC ("WebMD", collectively with Medicinenet, "Defendants"), to stop Defendants' unlawful tracking and disclosure of their medicinenet.com website visitors' statutorily protected information and to seek redress for all those who have been harmed by Defendants' misconduct. In particular, Defendants share the contents of their website visitors' electronic communications with third-party parties without first obtaining

CLASS ACTION COMPLAINT

                          CASE NO.

valid consent. Plaintiff alleges as follows based on his individual personal knowledge, acts, and experiences and as to all other matters, on information and belief, including an investigation by his attorneys.

## NATURE OF THE CASE

1. This is a class action suit brought against Defendants for privacy violations pursuant to the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code. § 630, *et seq*.

2. Defendants, upon information and belief, own and operate medicinenet.com (the "Website"), which provides a medical dictionary and information about diseases, conditions, medications, and general health to their Website visitors.

3. Unbeknownst to their Website visitors, Defendants have knowingly installed pixels and other tracking technologies developed by third party advertisers, including the Amazon Pixel, to intercept, collect, and disclose the contents of their Website visitors' electronic communications.

4. Defendants knowingly disclose and aide and abet the interception of this information to third-party tracking, analytic, and advertising providers so that they can target specific users with tailored advertisements based on their interactions with Defendants' Website and online website activity.

5. Defendants disclose, and allow other third parties to intercept, their Website visitors' statutorily protected information without their knowledge or consent. In doing so, Defendants have violated CIPA, and the privacy rights of Plaintiff and the other Class members.

6. Accordingly, Plaintiff brings this class action for legal and equitable remedies to redress and put a stop to Defendants' practices of knowingly disclosing and aiding the interception of their Website visitors' statutorily protected information to third-parties.

**JURISDICTION AND VENUE**

7. This Court has subject-matter jurisdiction over this action pursuant to Cal. Code Civ. Proc. § 410.10 and Article VI, § 10 of the California Constitution.

8. This Court has personal jurisdiction over Defendants because a substantial part of the events giving rise to the claims asserted herein occurred in this County, as Plaintiff resides in this County and was subject to Defendants' unlawful conduct in this County.

9. Venue is proper within this judicial district as the acts from which this dispute arose occurred within this judicial district.

**PARTIES**

10. Plaintiff Stacy Penning is a resident of El Cerrito, California.

11. Defendant MedicineNet is a corporation formed under the laws of California.

12. Defendant WebMD LLC is a corporation formed under the laws of Delaware.

**COMMON FACTUAL ALLEGATIONS**

**I.    The California Invasion of Privacy Act**

13. CIPA was enacted "to protect the right of privacy of the people of [California]." Cal. Penal Code § 630. The California Legislature was concerned about emergent technologies that allowed for "eavesdropping upon private communications," believing such technologies "created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." *Id.*

14. As part of CIPA, the California Legislature enacted § 631(a), which prohibits any person or entity from [i] "intentionally tap[ping], or mak[ing] any unauthorized connection … with any telegraph or telephone wire," [ii] "willfully and without the consent of all parties to the communication … read[ing], or attempt[ing]

to read, or to learn the contents or meaning of any … communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within [California]," or [iii] "us[ing], or attempt[ing] to use … any information so obtained."

15.    CIPA § 631(a) also penalizes [iv] those who "aid[], agree[] with, employ[], or conspire[] with any person" who conducts the aforementioned wiretapping, or those who "permit" the wiretapping.

16.    § 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. *Jee Javier v. Assurance IQ, LLC,* 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

17.    Individuals may bring an action under CIPA §§ 631 for $5,000 per violation. Cal. Penal Code § 637.2(a)(1).

## II.    Defendants Intercepted and Disclosed the of Contents of Website Visitors' Electronic Communications to Third Parties.

18.    Defendants, upon information and belief, operate medicinenet.com which receives over 7.2 million monthly visits.

19.    Defendants' Website provides a medical dictionary and information about diseases, conditions, medications, and general health to their Website visitors.

20.    Information about a person's physical and mental health is among the most confidential and sensitive information in our society, and the mishandling of medical information can have serious consequences, including discrimination in the workplace or denial of insurance coverage. If people do not trust that their medical information will be kept private, they may be less likely to seek medical treatment which can lead to more serious health problems. Additionally, protecting medical information, such as a website user's interaction with an online health resources, or search terms containing medical conditions, is necessary to maintain public trust by entities, like Defendants, that act as a resource.

21. Unfortunately, Website visitors are not provided notice or specifically asked to consent to Defendants sharing and disclosing, or aiding and abetting in the interception of, the contents of their communications to third parties, including which buttons they click, the exact text and phrases they type into search box queries, and detailed information about which types of database entries they have selected on Defendants' Website.

22. However, despite not obtaining informed consent from their Website visitors, Defendants disclose, and aid in the interception of, the contents of their electronic communications to various third parties.

23. Specifically, a live data-traffic analysis of Defendants' Website shows that Defendants incorporated and installed third-party tracking technologies into their Website so that whenever their Website visitors interact with Defendants' Website, the contents of their communications are intercepted in real time while in transit by such third parties, including Amazon via the Amazon Ads Tracking Pixel (the "Amazon Pixel").

24. The Amazon Pixel is a piece of code that online media providers, like Defendants, can integrate into their websites. Once activated, the Amazon Pixel tracks users' electronic communications and online activity and the type of actions they take on the website and disseminates that information to Amazon.

25. For example, if a Website visitor were to visit a specific webpage inquiring about pregnancy, Defendants would disclose that information in the form of a URL request (as shown below):

26.     Further, if a Website visitor were to type specific language into a search query, such as "pregnancy", Defendants would disclose that information in the form of a URL request (as shown below):

27.     In sum, Defendants collect, disclose, and aid and abet in the collection and disclosure of, contents of their Website visitors' communications, including information about which buttons they click, the exact text and phrases they type into search box queries, and detailed information about which types of database entries they have selected on Defendants' Website.

28.    Defendants do not, however, obtain Website visitors' prior consent to disclose such information.

29.    Defendants' Website visitors expect that they are communicating directly with Defendants via Defendants' Website, however, the contents of Website visitors' communications with the Website are, in real time, being disclosed to, and intercepted by, undisclosed third parties.

30.    Therefore, Defendants also aided and conspired with third party tracking entities to intercept their Website visitors' electronic communications, because Defendants knowingly installed tracking technologies on their Website and knew such communications would be intercepted as a result.

31.    As a result, Defendants have violated the CIPA.

## **FACTS SPECIFIC TO PLAINTIFF**

32.    Plaintiff is a Website visitor of medicinenet.com and has visited the Website within the past two years.

33.    At all relevant times, Plaintiff has been an Amazon account holder.

34.    Plaintiff has used Defendants' Website to view medical webpage articles, and type phrases into search boxes about specific medical conditions within the past two years.

35.    Each time Plaintiff interacted with Defendants' Website, Defendants knowingly and intentionally disclosed, and aided and abetted in the interception of, the contents of Plaintiff's electronic communications, including specifically the information about which buttons he clicked, the exact text and phrases he typed into search box queries, and detailed information about which types of database entries he has selected, to third parties.

36.    Plaintiff never specifically and separately consented, agreed, authorized, or otherwise permitted Defendants to disclose, and aid in the interception of, the contents of his electronic communications to third parties.

CLASS ACTION COMPLAINT                    7                    CASE NO.

37. To this day, Plaintiff is unaware of the status of the contents of his electronic communications, to whom it has been disclosed, and who has possession and retained his electronic communications as a result of Defendants' illegal conduct.

38. After interacting with Defendants' Website, Plaintiff received unsolicited advertisements and marketing emails that were related to his searches and content viewed on Defendants' Website, including receiving advertisements and emails from Amazon and other third parties.

39. By intercepting and aiding third parties to intercept Plaintiff's contents of his electronic communications, which revealed his interactions with Defendants' Website, Defendants have intentionally and knowingly violated Plaintiff's privacy rights.

40. As such, Plaintiff is entitled to statutory damages.

## CLASS ALLEGATIONS

41. Plaintiff brings this action individually and on behalf of a Class (the "Class") defined as follows:

Class: All persons within the state of California who, during the relevant limitations period, visited Defendants' Website and clicked a button requesting a webpage or typed a phrase into a search box.

42. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

43. Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class are currently unknown to Plaintiff, the members can be easily identified through Defendants' records.

44.     Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendants' privacy violations.

45.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a)     Whether Defendants knowingly disclosed Class members' contents of their electronic communications to third parties;

(b)     Whether Class members provided consent to Defendants' disclosure of their communications to third parties;

(c)     Whether Defendants aided third parties in the interception of Class members' communications on their Website;

(d)     Whether the Class members are entitled to damages and other relief as a result of Defendants' conduct.

46.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

47.     Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of

the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

48.    Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## FRAUDULENT CONCEALMENT AND TOLLING

49.    The applicable statute of limitations are tolled by virtue of Defendants' knowing and active concealment of the facts alleged above. Plaintiff and Class members were ignorant of the information essential to the pursuit of these claims, without any fault or lack of diligence on their own part.

50.    At the time the action was filed, Defendants were under a duty to disclose the true character, quality, and nature of its activities to Plaintiff and the Class. Defendants are therefore estopped from relying on any statute of limitations.

51.    Defendants' fraudulent concealment is common to the Class.


## COUNT ONE
### Violations of the California Invasion of Privacy Act
### Cal. Pen. Code § 631(a)
### (On behalf of Plaintiff and the Class)

52.    Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

53.    CIPA § 631(a) imposes liability for "distinct and mutually independent patterns of conduct." *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192-93 (1978). Therefore, to impose liability under CIPA § 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," commits any of the following:

CLASS ACTION COMPLAINT                    10

CASE NO.

(i) intentionally tapped, or made any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, cable, or instrument of any internal telephonic communication system;

*or*

(ii) willfully and without consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state; or (iii)

uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained;

*or*

(iv) aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit or cause to be done any of the acts or things mentioned above in this section. Cal. Pen. Code. § 631 (a).

54.     The third-party activity tracking technologies Defendants programmed into their website are each a "machine, instrument, contrivance, or … other manner" used to read or learn the contents or meaning of messages, reports, or communications between Plaintiff and Class members and Defendants.

55.     Defendants' third-party tracking vendors were third parties to communications between Plaintiff and the Class members and Defendants.

56.     Defendants' third-party tracking vendors willfully and without the consent of all parties to the communication, or in any unauthorized manner, read, attempted to read, and/or learned the contents or meaning of electronic communications between Plaintiff and the Class members, on the one hand, and

Defendants, on the other, while the electronic communications were in transit or were being sent from or received at a place within California.

57.    Defendants aided and conspired, agreed with, employed, permitted, or otherwise enabled their third-party tracking vendors to wiretap Plaintiff's and the other Class members' contents of their electronic communications using their third-party tracking technologies. Defendants knew that the third-party tracking technology they installed on their Website would result in the disclosure of user communications to third parties, as increasing their advertising presence on other platforms was one of Defendants' purposes for implementing such technology.

58.    Plaintiff and the Class members did not provide their prior consent to such third parties' access, interception, reading, learning, recording, collection, and usage of their electronic communications. Nor did Plaintiff and the Class members provide their prior consent to Defendants aiding, agreeing with, employing, permitting, or otherwise enabling their third-party vendors' conduct.

59.    Plaintiff and the other members of the Class seek all relief available under Cal. Pen. Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of and the Class, pray for the following relief:

1.    An order certifying the Class as defined above;

2.    An order declaring that Defendants' conduct violates CIPA;

3.    An order enjoining Defendants from continuing to engage in the unlawful conduct and practices described herein;

4.    An award of statutory damages under CIPA to the Class;

CLASS ACTION COMPLAINT                                12
                                                                            CASE NO.

5.   For punitive damages, as warranted, in an amount to be determined at trial;

6.   An award of attorney's fees and costs; and

7.   Award such further relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

DATED: May 26, 2025                    Respectfully submitted,

STACY PENNING, individually and on behalf of similarly situated individuals

By: /s/ *Eugene Y. Turin*
One of Plaintiff's Attorneys

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
10089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

Electronically Filed Superior Court CA County of Contra Costa 5/27/2025 8:00 AM By C. Padilla Deputy

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MEDICINENET, INC., and WEBMD, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STACY PENNING, individually and on behalf of similarly situated individuals

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Superior Court of California, Contra Costa County<br>725 Court Street, Martinez, CA 94553 | CASE NUMBER: *(Número del Caso):*<br>C25-01456 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eugene Y. Turin, SBN: 342413, McGuire Law, P.C. 10089 Willowcreek Rd., #200, San Diego, CA 92131, (312) 893-7002

| DATE:<br>*(Fecha)*  5/27/2025 8:00 AM | Clerk, by<br>*(Secretario)*  /s/ C. Padilla | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served


[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of (specify):

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100  [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Eugene Y. Turin (SBN 342413)<br>McGuire Law, P.C., 10089 Willowcreet Rd., #200,<br>San Diego, CA 92131<br>TELEPHONE NO.: (312) 893-7002    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS: eturin@mcgpc.com<br>ATTORNEY FOR *(Name)*: Stacy Penning | *FOR COURT USE ONLY*<br><br>Electonically Filed by<br>Supeiro Court ofCalifrnia<br>County ofConta Costa<br>5/27/2025 8:00 AM<br>By: C. Padilla, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
 Penning v. MedicineNet, Inc. et al.

| CIVIL CASE COVER SHEET<br>[x] **Unlimited**     [ ] **Limited**<br>(Amount demanded exceeds $25,000)     (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>C25-01456<br><br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4.  Number of causes of action *(specify)*: 1: California Invasion of Privacy Act, Cal. Pen. Code § 630 et seq.
5.  This case [x] is   [ ] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/26/2025

Eugene Y. Turin
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**
Pocessed by Court on 5/28/2025 12:04 PM

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. September 1, 2021]                    **CIVIL CASE COVER SHEET**                    **Page 2 of 2**

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



F. Li
Court Executive Officer

| CASE NAME: | CASE NUMBER: |
|---|---|
| STACY PENNING VS. MEDICINENET, INC. | C25-01456 |

### NOTICE OF ASSIGNMENT TO  DEPARTMENT 39 FOR CASE MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT.

1. THIS MATTER HAS BEEN ASSIGNED TO Department 39, Judge EDWARD G WEIL PRESIDING, FOR ALL PURPOSES; DEPARTMENT 39 IS DESIGNATED AS THE COMPLEX LITIGATION DEPARTMENT OF THE COURT AND AS SUCH (a) HEARS ALL CASES WHEREIN A DESIGNATION OF COMPLEX CASE HAS BEEN MADE AND (b) CONDUCTS HEARINGS, IN CASES THAT THIS COURT DETERMINES, ON A PRELIMINARY BASIS MAY BE COMPLEX, TO DETERMINE WHETHER THE CASE SHOULD REMAIN IN THE COMPLEX LITIGATION PROGRAM.
2. ALL COUNSEL ARE REQUIRED TO APPEAR IN DEPARTMENT 39 ON 09/22/2025 AT 8:30 AM
   a) IF THE CASE HAS BEEN DESIGNATED AS COMPLEX, AND NO COUNTER DESIGNATION HAS BEEN FILED, THE COURT WILL HOLD ITS FIRST CASE MANAGEMENT CONFERENCE AT THAT TIME.
   b) IF THE CASE HAS BEEN ASSIGNED TO DEPARTMENT 39 ON A PRELIMINARY BASIS THE COURT WILL HOLD A HEARING TO DETERMINE IF THE MATTER IS, OR IS NOT, COMPLEX. IF THE MATTER IS DETERMINED TO BE COMPLEX, THE COURT WILL THEN PROCEED WITH THE FIRST CASE MANAGEMENT CONFERENCE.
3. EACH PARTY SHALL FILE AND SERVE A CASE MANAGEMENT CONFERENCE STATEMENT FIVE (5) DAYS BEFORE THIS HEARING AND BE PREPARED TO PARTICIPATE EFFECTIVELY IN THE CONFERENCE, INCLUDING BEING THOROUGHLY FAMILIAR WITH THE CASE AND ABLE TO DISCUSS THE SUITABILITY OF THE CASE FOR PRIVATE MEDIATION, ARBITRATION OR THE USE OF A SPECIAL MASTER OR REFEREE.
4. PRIOR TO THE CONFERENCE COUNSEL FOR PLAINTIFF SHALL MEET AND CONFER WITH COUNSEL FOR EACH OTHER PARTY IN AN EFFORT TO PRECISELY DEFINE THE ISSUES IN THE CASE, DISCUSS THE POSSIBILITY OF EARLY MEDIATION, THE IDENTITIES OF POSSIBLE OTHER PARTIES, AND THEIR RESPECTIVE PLANS FOR DISCOVERY.
5. UNTIL THE TIME OF THE CONFERENCE THE FOLLOWING INTERIM ORDERS SHALL BE IN EFFECT:
   a) PLAINTIFF SHALL DILIGENTLY PROCEED IN LOCATING AND SERVING EACH AND EVERY DEFENDANT. IT IS THE COURT'S INTENTION THAT EACH PARTY BE SERVED IN SUFFICIENT TIME TO HAVE ENTERED AN APPEARANCE WITHIN THE TIME ALLOWED BY LAW AND TO ATTEND THE FIRST CONFERENCE.
   b) ALL DISCOVERY SHALL BE STAYED EXCEPTING AS ALL PARTIES TO THE ACTION MIGHT OTHERWISE STIPULATE OR THE COURT OTHERWISE ORDER.
   c) NO PARTY SHALL DESTROY ANY WRITING OR OTHER EVIDENCE IN ITS POSSESSION OR UNDER ITS CONTROL WHICH BEARS IN ANY WAY UPON THE MATTERS WHICH ARE THE SUBJECT OF THIS LITIGATION.
   d) WITHIN THE TIME FOR ANY PARTY TO FILE AN ANSWER OR DEMURRER SUCH PARTY MAY ALTERNATIVELY FILE A NOTICE OF GENERAL APPEARANCE. IN SUCH EVENT THE TIME FOR FILING OF AN ANSWER OR DEMURRER SHALL BE EXTENDED TO TWENTY (20) DAYS FOLLOWING THE FIRST CONFERENCE UNLESS THE COURT SHALL, AT THAT TIME, SET A DIFFERENT SCHEDULE.
   e) COUNSEL FOR EACH PARTY SHALL DO A CONFLICT CHECK TO DETERMINE WHETHER SUCH COUNSEL MIGHT HAVE A POSSIBLE CONFLICT OF INTEREST AS TO ANY PRESENT OR CONTEMPLATED FUTURE PARTY.

BY ORDER OF THE COURT

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



F. Li
Court Executive Officer

**SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY**
I DECLARE UNDER PENALTY OF PERJURY THAT I AM NOT A PARTY TO THE WITHIN ACTION OR PROCEEDING; THAT ON THE DATE BELOW INDICATED, I SERVED A COPY OF THE FOREGOING NOTICE BY DEPOSITING SAID COPY ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID IN THE UNITED STATES MAIL AT MARTINEZ, CA AS INDICATED ABOVE.


DATE:     5/28/2025

                                        BY:    C.  PADILLA DEPUTY CLERK


NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR CASE NUMBER: C25-01456 ON 5/28/2025:

EUGENE Y. TURIN
55 W WACKER DR 9TH FL
CHICAGO IL  60601