Eugene Y. Turin (SB # 342413)
**MCGUIRE LAW, P.C.**
1089 Willowcreek Road Suite 200
San Diego, CA 92131
(312) 893-7002
eturin@mcgpc.com

Nicholas R. Lange
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International Drive, Suite 128
Lincolnshire, IL 60069
(224) 632-4510
nlange@fklmlaw.com

*Counsel for Plaintiff and the Putative Class Members*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STACY PENNING, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MEDICINENET, INC. and WebMD LLC,<br><br>Defendants. | Case No. 4:25-cv-05992-JST<br><br>Hon. Jon S. Tigar<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND**<br><br>Date: September 11, 2025<br>Time: 2:00 p.m.<br>Courtroom: 6 – 2nd Floor<br><br>Complaint Filed: May 27, 2025<br>Removal Filed: July 16, 2025 |

Plaintiff Stacy Penning ("Plaintiff") respectfully submits this reply memorandum in support of his Motion to Remand.

## INTRODUCTION

WebMD LLC's ("Defendant") Opposition to Plaintiff's Motion to Remand ("Response," Dkt. 28) presents the self-defeating argument that the Court should take up the burden of determining the merits of Plaintiff's claims as to whether he has pled an actual injury just to find that there is no Article III standing. In so arguing, Defendant directly contradicts its own removal papers and essentially concedes to the relief sought in Plaintiff's Motion to Remand. It is little wonder that Defendant supports its argument almost solely with caselaw from outside the Ninth Circuit while ignoring directly on-point cases from this Court's sister courts that have ordered remand under identical circumstances. As discussed in Plaintiff's opening brief, the relevant Ninth Circuit authority is clear that Defendant cannot "assert[], then immediately disavow[], federal jurisdiction…" *Ayala v. Sixt Rent a Car, LLC*, No. 19-cv-1514, 2019 WL 2914063, at *2 (C.D. Cal. Jul. 8, 2019) (quoting *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016)). CAFA cannot authorize the removal of a case to federal court without the removing party meeting its burden of establishing standing (and its requisite injury in fact), which Defendant has only ever argued against. Put plainly, Defendant may not avail itself of federal jurisdiction through CAFA but then in its very next filing argue that Plaintiff's claims fail to meet the constitutional prerequisites for a court to exercise its subject matter jurisdiction. Because Defendant has directly opposed its own Notice of Removal by arguing that Plaintiff has failed to plead an appropriate Article III injury, this case must be remanded to the Superior Court of Contra Costa County, California, where this case was filed. *Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (quoting 28 U.S.C. § 1447(c)).

## ARGUMENT

### I. Defendant Ignores Directly On-Point Ninth Circuit Caselaw Which Necessitates Remand to State Court.

Defendant's Response ignores directly on-point authority *Ninth Circuit* authority that Plaintiff's Motion to Remand is based on. As stated in Plaintiff's opening brief, it is axiomatic that a removing defendant bears the burden of establishing federal subject matter jurisdiction. *Abrego Abrego v. The*

*Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("In cases removed from state court, the removing defendant has 'always' borne the burden of establishing federal jurisdiction. . .") (internal citation omitted); *Ayala*, 2019 WL 2914063, at *2 (The burden of establishing removal jurisdiction remains on the proponent of federal jurisdiction.). These requirements go beyond merely establishing CAFA's requirements and include establishing Article III's injury, redressability, and causation requirements. *Yeh v. Twitter, Inc.*, No. 23-cv-01790, 2023 WL 8429799, at *2 (N.D. Cal. Dec. 4, 2023) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992) and collecting authority)). Defendant is correct that *Dart Cherokee Basin Op. Co., LLC v. Owens* cements that CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court *if properly removed by any defendant*." 574 U.S. 81, 89 (2014) (internal citation omitted) (emphasis added); *see also Heartland Products*, 29 F. Supp. 3d 1281, 1283–84 (C.D. Cal 2014) (The court found that the defendant's failure to establish Article III, "the core component of standing," demonstrated that removal was improper.). This reasoning does nothing to relieve a removing defendant of the burden of maintaining subject matter jurisdiction because "'[i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded.'" *Polo*, 833 F.3d 1193, 1196 (quoting 28 U.S.C. § 1447(c)) (emphasis added); *see also Hadi v. McCune Wright Arevalo LLP*, No. 18-cv-05104, 2018 WL 6675622, at *8 (C.D. Cal. Dec. 17, 2018) (refusing to grant a removing defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) because that "would be inequitable and contrary to Defendants' obligation to prove federal subject-matter jurisdiction upon removal, the failure of which typically necessitates remand"). Furthermore, while Defendant invites this Court to rule on the merits of whether Plaintiff sustained an injury in fact, Defendant puts the cart before the horse because without establishing that the Court has subject matter jurisdiction, this Court cannot proceed in this matter in any way. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("[W]ithout proper jurisdiction, a court cannot proceed at all").

By asserting that Plaintiff lacks Article III standing because he does not have a privacy interest in the information alleged, his information was not captured, and no personally identifiable information was captured (Response at 5–6), Defendant has fatally undercut its position in its removal papers that federal jurisdiction exits. "[D]efendant [is trying] to have it both ways by asserting, then immediately

disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal, with prejudice, rather than the remand required by § 1447(c)." *Ayala*, 2019 WL 2914063, at *2 (quoting *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016)); *see also Yeh*, 2023 WL 8429799, at *3 (ordering remand where "[g]iven the inconsistency between Defendant's arguments in *Price* and its actions in *Yeh*, Plaintiff's motion puts Defendant on the spot to 'submit support for standing.' Defendant did not"). Like in *Yeh*, Defendant not only fails to "submit support for standing," but is doubling down in its Response and asking the Court to rule on the merits of Plaintiff's claims and find that there is in fact no standing. The Court should not take up Defendant's invitation to essentially issue a non-binding advisory opinion that should have never been raised before it in the first place.

As mentioned in Plaintiff's opening brief, this Court previously ordered remand under similar circumstances. In *Walker v. Kroger Co.*, No. 22-cv-00261, 2022 WL 20208929 (N.D. Cal., Jun. 21, 2022) (Tigar, J.), after removing a class action to federal court, the defendant filed a motion to dismiss, arguing that the plaintiff lacked Article III standing. *Id.* at *1. The plaintiff moved to remand, arguing that the defendant's motion to dismiss demonstrated that the defendant could not meet its burden in establishing federal jurisdiction. *Id.* This Court agreed, ordering remand and finding that "[b]y arguing, immediately upon removal and without any changed circumstances, that [the plaintiff] lacks standing, [the defendant] has not met its burden of establishing subject matter jurisdiction." *Id.* at *2. Defendant's reliance on *Rotor v. Signature Consultants, LLC* for the proposition that this Court must (and has previously) determined whether a defendant has Article III standing at this stage is misplaced. Critically, unlike *Walker* where, as here, the defendant removed the case and then *itself* undercut its own basis for the Court's jurisdiction, in *Rotor*, the *plaintiff* argued that there was no Article III standing such that the Court had to undertake additional jurisdictional analysis. 2019 WL 3246535, at *1 (N.D. Cal. July 19, 2019) (Tigar, J.). As such *Rotor* presents a completely different procedural and jurisdictional posture than both the instant case and the Court's decision in *Walker*. Because it is Defendant's burden to establish this Court's jurisdiction to hear this matter and Defendant has instead chosen to argue against itself, there is nothing for this Court to do but order a remand. *See Polo*, 833 F.3d 1193, 1196.

Finally, while Defendant argues that without a decision now on Article III standing, this case could end up in front of this court again, Defendant's argument again fails to consider Plaintiff's arguments and its burden as the removing party. As explained above, a defendant can only remove a case if it can satisfy all of the requirements for Article III standing. *Yeh*, 2023 WL 8429799, at *2. Therefore, if a defendant, as Defendant argues here, does not have a good faith basis for satisfying all of the requirements for Article III standing, then it will not remove the case to federal court. Put simply, the only circumstance where a case ends up in a perpetual loop of removal and remand is where the defendant is not acting in good faith and fails to comply with its duties as the removing party. If Defendant deems it appropriate to remove this case to federal court pursuant to CAFA, it should do so with the intention for the case to remain in federal court, not to extract what amounts to an advisory opinion from a federal judge on a question of Article III standing.

Accordingly, as remand is the correct remedy when a removing defendant fails to establish and maintain subject matter jurisdiction, this Court should remand this case back to the state court from which it was removed.

## II. Defendant Cites Merely Persuasive Authority, Adding No Binding Precedent to Its Argument.

Defendant spills much ink discussing cases brought in the District of Columbia, Florida, Pennsylvania, New Jersey and the Seventh Circuit where courts have for various reasons undertaken a full Article III analysis at this stage of litigation. *See, e.g., Capital Hill Development, LLC v. Cohn, Goldberg, & Deutsch, LLC*, 2025 WL 1650390, at *7 (D.D.C. June 11, 2025); *Heaven v. Prime Hydration*, 761 F. Supp. 3d 812, 817–22; *Ladies Mem. Ass'n Inc. v. City of Pensacola, Fla.*, 662 F. Supp. 3d 1212, 1216–20 (N.D. Fla. 2023); *Johnson v. Patenaude & Felix, A.P.C.*, 2021 WL 3260064, at *3 (M.D. Pa. July 29, 2021); *Zanotti*, 2020 WL 2857304, at *7–8; *Katz v. Six Flags Great Adventure*, LLC, 2018 WL 3831337, at *4–8 (D.N.J. Aug. 13, 2018); *Brahamsha v. Supercell OY*, 2017 WL 3037382, at *3–5 (D.N.J. July 17, 2017); *Dash v. FirstPlus Home Loan Owner Tr. 1996-2*, 248 F. Supp. 2d 489, 500–07 (M.D.N.C. 2003). None of those cases are binding on this Court and should be disregarded in light of the aforementioned cases directly on point from within the Ninth Circuit.

Moreover, for a variety of reasons, these cases are not persuasive. For example, the court in *Heaven* acknowledges that the approach advocated for by Plaintiff in the instant case is another way to resolve this issue and chose to take a different route only after finding that the Third Circuit had no precedent on point. 761 F.Supp.3d at 818 n.3. Here, as noted above, there is an abundance of precedent in the Ninth Circuit as shown by the number of decisions that have ordered remand in identical circumstances. Similarly, Defendant's citation to the court in *Brahamsha* fails to note that the court there also recognized that the Third Circuit was "absent any controlling precedent rendering the basis for Defendant's removal 'frivolous' or 'insubstantial[.]'". *Brahamsha*, 2017 WL 3037382, at *6. Here, as this Court in *Walker* noted, there is clear Ninth Circuit precedent for remand of this case where Defendant has abdicated its burden to show that this Court has jurisdiction over this case. *See Walker*, 2022 WL 20208929, at *2 (citing the Ninth Circuit in *Polo*, 833 F.3d at 1197); *see also Polo*, 833 F.3d at 196 ("Moreover, the district court generally must remand the case to state court, rather than dismiss it") (citing *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)). Indeed, "[s]tate courts are not bound by the constraints of Article III." *Id*. (citing *ASARCO Inc. v. Kadish*, 109 S. Ct. 2037 (1989)). While Defendant makes many arguments based on other courts in other circuits, here in the Ninth Circuit the process is clear: when a Defendant undercuts its own argument for removal by arguing against one of the aspects of standing it had the burden of carrying, immediate remand is the appropriate remedy, without further analysis.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) remand this case pursuant to 28 U.S.C. § 1447(c) back to the Superior Court of the State of California for the County of Contra Costa; (2) grant Plaintiff attorneys' fees incurred because of the inappropriate removal pursuant to 28 U.S.C. § 1447(c); and (3) grant such other relief the Court deems reasonable and just.

DATED: August 27, 2025

Respectfully Submitted,
*/s/ Eugene Y. Turin*
Eugene Y. Turin

Nicholas R. Lange
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International Drive, Suite 128
Lincolnshire, IL 60069
(224) 632-4510
nlange@fklmlaw.com

Eugene Y. Turin (SB # 342413)
**MCGUIRE LAW, P.C.**
1089 Willowcreek Road Suite 200
San Diego, CA 92131
(312) 893-7002
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*