UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY PENNING,<br><br>  Plaintiff,<br><br>v.<br><br>MEDICINENET, INC., et al.,<br><br>  Defendants. | Case No. 25-cv-05992-JST<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: ECF No. 24 |

Before the Court is Plaintiff Stacy Penning's motion to remand. ECF No. 24. The Court will grant the motion.

## I. BACKGROUND

Defendant WebMD LLC removed this case from the Superior Court of California for the County of Contra Costa under the Class Action Fairness Act ("CAFA").[1] ECF No. 1. Seven days later, WebMD filed a motion to transfer this case to the District of New Jersey or, in the alternative, to dismiss the case under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 14. Among other arguments, WebMD contends that the Court lacks jurisdiction over this case because Penning has failed to allege Article III standing. *Id.* at 15–18.

Penning filed a motion to remand, ECF No. 24, and a motion to stay briefing on WebMD's motion to transfer or dismiss pending consideration of the motion to remand, ECF No. 25. The Court sua sponte stayed the briefing and hearing schedule on WebMD's motion so that it could "consider the jurisdictional question [raised by Penning's motion] first." ECF No. 27 at 1.

---

[1] WebMD states that Defendant MedicineNet, Inc. "is a defunct entity that conducts no business in any state," and that it therefore "does not count for purposes of determining whether removal is proper." ECF No. 1 at 3. For purposes of his motion to remand, Penning "assume[s] that Medicinenet, Inc. [sic] is in fact a defunct entity." ECF No. 24 at 3 n.1.

## II. DISCUSSION

The parties do not dispute that the allegations in this case satisfy CAFA's jurisdictional requirements concerning citizenship and the amount in controversy. *See* 28 U.S.C. § 1332(d). Nor do they dispute that WebMD, as the party seeking to invoke the Court's jurisdiction, "has the burden of establishing the facts necessary to support standing." *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). WebMD argues that Penning lacks Article III standing, and Penning does not make any arguments to the contrary. If WebMD is correct about Penning's lack of standing, the case must be remanded because it would not have been properly removed. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196–97 (9th Cir. 2016).

Penning asks the Court to remand this case based on WebMD's failure to satisfy its burden to demonstrate jurisdiction. WebMD, on the other hand, acknowledges that "remand without standing may be the ultimate outcome of this Court's analysis," but it asks the Court to "undertake its own analysis of the sufficiency of Plaintiff's allegations to establish a cognizable injury or Article III standing before determining whether remand is appropriate." ECF No. 28 at 6–7.

The Court declines WebMD's invitation. As the Court concluded in a previous case with the same procedural posture, "[b]y arguing, immediately upon removal and without any changed circumstances, that [Penning] lacks standing, [WebMD] has not met its burden of establishing subject matter jurisdiction," and the case should therefore be remanded. *Walker v. Kroger Co.*, No. 22-cv-00261-JST, 2022 WL 20208929, at *2 (N.D. Cal. June 21, 2022). It is true that, "[i]n situations where defendants have removed an action to federal court, then contested Article III standing, several courts have concluded that an independent analysis of whether plaintiffs have standing is appropriate." *Heaven v. Prime Hydration LLC*, 761 F. Supp. 3d 812, 817 (E.D. Pa. 2025). But "another line of cases," including the *Walker* case decided by this Court, "supports Plaintiff's view and finds remand appropriate, without further analysis, under similar circumstances." *Id.* at 817 n.3. As one such court persuasively explained:

> Although the parties agree that diversity jurisdiction under 28 U.S.C. § 1332 exists, defendants contend [the plaintiff] lacks Article III standing, an issue on which [the plaintiff] takes no position. Defendants cannot use the bare requirements of section 1332 to get a foot in the door of a federal court and thereby obtain a clean slate on

> which to seek dismissal for lack of subject-matter jurisdiction. Instead, defendants bear the burden to show both a basis for diversity jurisdiction and that [the plaintiff] has Article III standing. By arguing [the plaintiff] lacks standing, defendants have not carried their burden.
>
> Moreover, even if this court denied [the plaintiff's] motion to remand and then granted defendants' motion to dismiss for lack of subject-matter jurisdiction, defendants would not thereby obtain the dismissal they seek. Assuming without deciding that defendants correctly argue that [the plaintiff] lacks Article III standing, the proper remedy under 28 U.S.C. § 1447(c) would be to remand the case to [state court] rather than dismiss. Regardless of whether the court grants the motion to remand or (assuming defendants are correct) grants defendants' motion to dismiss for lack of subject-matter jurisdiction, remand ensues.
>
> Defendants have not met their burden as the removing parties to show that the court has subject-matter jurisdiction. And [the plaintiff] declines to argue that it has Article III standing. When no party is willing to overcome the presumption against federal jurisdiction, remand is appropriate on any analysis.

*Cumberland County v. Chemours Co.*, 608 F. Supp. 3d 294, 297–98 (E.D.N.C. 2022) (citation modified).

Since this Court decided *Walker*, other courts in the Ninth Circuit have reached the same conclusion. For example, in *Yeh v. Twitter, Inc.*, the court granted the plaintiff's motion to remand where the defendant argued in a prior "materially identical" case that the plaintiff lacked standing and, in the present case, failed to "affirmatively state that Plaintiff has standing under Article III— let alone articulate how." No. 23-cv-01790-HSG, 2023 WL 8429799, at *3–4 (N.D. Cal. Dec. 4, 2023) (citation modified). The court was "persuaded that since Defendant did not meet its affirmative burden of establishing Plaintiff's Article III standing after previously putting it in question repeatedly in materially identical litigation, remand [was] appropriate." *Id.* at *4. Similarly, in *Ott ex rel. L.O. v. Department of Health*:

> The Court [found] that remand based on the [defendant's] failure to meet its removal burden does not depend on Plaintiffs' position on standing or on the Court making a final jurisdictional ruling. While there are cases in which courts have found a lack of standing before issuing an order to remand, district courts in this Circuit are clear that they need not do so when the question is one of meeting the removal burden. . . .
>
> By removing the lawsuit to federal court based on the assertion that this Court has subject matter jurisdiction and then reversing course

3

> and asserting a lack of subject matter jurisdiction a mere 20 days later, the [defendant] has not met its burden to establish that this Court has subject matter jurisdiction. Lack of subject matter jurisdiction is presumed, and remand is mandatory.

No. 3:24-cv-00153-SLG, 2024 WL 4512091, at *3–4 (D. Alaska Oct. 17, 2024) (footnote omitted).

WebMD has cited no contrary binding authority. It relies heavily on the Seventh Circuit's opinion in *Collier v. SP Plus Corp.*, in which the district court denied a motion to remand after concluding that the case arose under federal law and then dismissed the case for lack of standing. 889 F.3d 894, 895–96 (7th Cir. 2018) (per curiam). The Seventh Circuit reversed, concluding that the plaintiffs' lack of standing "negat[ed] federal subject-matter jurisdiction" and rendered the case "not removable," thus making remand rather than dismissal the proper outcome. *Id.* at 895. Although the Seventh Circuit considered whether the complaint alleged an actual injury when it reviewed the district court's dismissal of the case on that basis, the opinion does not state that a district court must conduct such an analysis before granting a motion to remand. In addition, the court rejected the defendant's argument "that once removal based on federal question gets a defendant's foot in the door of a federal court, the slate is wiped clean and the defendant can challenge jurisdiction." *Id.* at 896. To the contrary, the court held that, "[a]s the party invoking federal jurisdiction, [the removing defendant] had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal." That is precisely the burden that WebMD has failed to meet here.

Moreover, the two cases cited by WebMD for the proposition that, "[s]ince *Collier*, courts in the Northern District of Illinois have initiated independent standing reviews prior to determining if remand was appropriate," are distinguishable. ECF No. 28 at 13. In one case, the defendant "predictably [did] not take the position that Plaintiffs have failed to meet the injury-in-fact requirement for Article III standing, a finding that would require remand to state court pursuant to 28 U.S.C. § 1447(c)." *Miller v. Sw. Airlines Co.*, No. 18 C 86, 2018 WL 4030590, at *2 (N.D. Ill. Aug. 23, 2018), *aff'd*, 926 F.3d 898 (7th Cir. 2019). Similarly, the other case distinguished prior cases in which the removing defendants "expressly argu[ed] that the plaintiff lacked Article III standing" and noted that "[t]he defendants in the present case have made no such

4

challenge to federal jurisdiction." *Dixon v. Washington & Jane Smith Cmty.—Beverly*, No. 17 C 8033, 2018 WL 2445292, at *6 (N.D. Ill. May 31, 2018); *see also id.* at *4 (noting that "defendants do not contend that [the plaintiff] lacks Article III standing"). Here, by contrast, WebMD has "tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction." *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016).

Additionally, contrary to WebMD's characterization of two other appellate decisions as arising "under similar circumstances," ECF No. 28 at 13, both *Plazzi v. FedEx Ground Package System, Inc.*, 52 F.4th 1 (1st Cir. 2022), and *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1027 (8th Cir. 2014), were appeals from orders granting motions to dismiss for lack of Article III standing. Neither involved a motion to remand, and it does not appear that the plaintiffs in either case argued that the removing defendants failed to meet their burden of demonstrating subject matter jurisdiction. *See Plazzi*, 52 F.4th at 4 (discussing procedural history); *Wallace*, 747 F.3d at 1028–29 (same).

WebMD also relies on a court's "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). But that does not mean that a court is "allowed to create arguments or engage in speculation in favor of jurisdiction." *Molina v. Pacer Cartage, Inc.*, 47 F. Supp. 3d 1061, 1063 (S.D. Cal. 2014). This is true even though there is "no antiremoval presumption" in CAFA cases. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). For example, the Ninth Circuit has explained that the removing defendant bears "the burden of proving by a preponderance of the evidence that its assumptions [as to the amount in controversy] were reasonable," and that a "district court should weigh the reasonableness of the removing party's assumptions, *not supply further assumptions of its own*." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020) (emphasis added). WebMD has not persuaded the Court that a contrary rule should apply to Article III standing—i.e., that a court should supply its own independent reasoning as to why a plaintiff might have standing when the defendant affirmatively argues that the plaintiff does not, and the plaintiff does not oppose those arguments.

As in *Walker*, and with the benefit of additional support from other courts within the Ninth

Circuit, the Court again concludes that a defendant "does not satisfy its burden" of "prov[ing] that all the elements of federal jurisdiction were satisfied upon removal" when it "attempt[s] to invoke federal jurisdiction for purposes of removal and then argue[s] for dismissal based on the lack of standing." *Walker*, 2022 WL 20208929, at *1 (quoting *Morgan v. Bank of Am., N.A.*, No. 2:20-CV-00157-SAB, 2020 WL 3979660, at *2 (E.D. Wash. July 14, 2020)).

## CONCLUSION

Accordingly, Penning's motion to remand is granted. This case is remanded to the Superior Court of California for the County of Contra Costa. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 3, 2025



JON S. TIGAR
United States District Judge